UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

_____
                                    )
SOUTHWESTERN ELECTRIC               )
POWER CO., et al.,                  )
                                    )
         Petitioners,           )
                                    )
v.                                  )    No. 24-2123
                                    )    (and consolidated cases)
UNITED STATES                       )
ENVIRONMENTAL PROTECTION            )
AGENCY, et al.,                     )
                                    )
         Respondents.           )
_____)

**ENVIRONMENTAL INTERVENORS' OPPOSITION TO PETITIONERS' MOTION FOR EXPANSION OF WORD LIMIT FOR REPLY IN SUPPORT OF STAY MOTION**

## INTRODUCTION

Clean Water Action, Sierra Club, Waterkeeper Alliance, Inc., Natural Resources Defense Council, Environmental Integrity Project, PennEnvironment, Inc., Prairie Rivers Network (collectively, "Environmental Intervenors") and Catawba Riverkeeper and Winyah Rivers Alliance (Petitioners in Case No. 24-2225) oppose Industry and State Petitioners'[1] motion for expansion of the word

---

[1] The Industry and State Petitioners joining the Motion were the petitioners in Case Nos. 24-2123, 24-2215, 24-2225, and 24-2494.

1

Appellate Case: 24-2123    Page: 1    Date Filed: 08/27/2024 Entry ID: 5429167

limit for their reply ("Motion") in support of their request for stay pending review. Industry and State Petitioners have failed to show good cause to justify their request, do not cite sufficient legal authority for an overlength reply, and do not explain how the arguments made by the opposing parties will require an overlength reply.

**ARGUMENT**

Industry and State Petitioners have failed to show good cause to justify an expansion of the word limit for their reply. Industry and State Petitioners are seeking to double the word limit of their reply from 2,600 words to 5,200 words yet their only basis for doing so is that the opposing parties' three responses total 10,767 words and "raise unique arguments that will require separate responses." Motion at 4. This argument is not supported by legal authority, it implies that there is something unusual about a moving party replying to more than one response, and it mischaracterizes the content of the responses.

First, Industry and State Petitioners fail to cite any legal authority for their request other than an alleged "response-to-reply word ratio anticipated" by the Federal Rules of Appellate Procedure. Motion at 4. However, this claim assumes that when the word limits for responses and replies were established in the Federal Rules of Appellate Procedure, the Supreme Court did not anticipate that there might be multiple responses filed. Industry and State Petitioners are not in a unique

2

position; it is not uncommon for petitioners or movants to have to reply to multiple responses. Thus, the fact that three separate responses that comply with the word limits of the Federal Rules of Appellate Procedures were submitted is not *per se* sufficient basis for doubling the word limit of Industry and State Petitioners' reply.

Industry and State Petitioners' Motion fails to satisfy, or even cite, this Court's rule governing requests to file overlength briefs. This Court's rules provide that motions to file overlength briefs "will be granted only in extraordinary cases." 8th Cir. R. 27A(a)(1). Although Industry and State Petitioners are requesting to expand the word limit for a reply in support of a motion rather than a merits brief, the Court has established a high threshold for requests to expand briefs that should be taken into consideration. Industry and State Petitioners have not even attempted to show there is an "extraordinary" basis for the Court granting their motion for an expansion of the word limit for their reply.

Second, Industry and State Petitioners fail to identify any unique arguments that they claim were made by the opposing parties or identify how those arguments might be unique. There is, in fact, significant overlap amongst the arguments made in EPA's and Environmental Intervenors' responses, which comprise 10,399 of the 10,767 words referenced by Industry and State Petitioners. Motion at 3. EPA and Environmental Intervenors both argue that Industry and State Petitioners' motion for a stay should be denied because: (1) EPA lawfully determined, and the

3

administrative record shows, that zero-discharge technologies are available and economically achievable, EPA Response at 7–12; Enviro. Response at 6–12; (2) EPA made reasonable, industry-wide compliance cost estimates and adequately considered the costs of the 2020 ELG Rule, EPA Response at 12–20; Enviro. Response at 9–12 and 15–16; (3) Petitioners failed to show irreparable harm as a direct result of the 2024 Rule during the pendency of this litigation, EPA Response at 21–26; Enviro. Response at 13–19; and (4) the public interest and balance of equities weigh heavily against a stay that could delay significant public health and environmental benefits, EPA Response at 26–27; Enviro. Response at 19–22. Thus, the opposing parties make similar, rather than unique, arguments, undermining Industry and State Petitioners' purported need for an overlength reply.

## CONCLUSION

For the reasons stated above, Industry and State Petitioners' Motion should be denied.

/s Thomas Cmar_____  
THOMAS CMAR  
Earthjustice  
6608 Wooster Pike  
Cincinnati, OH 45227  
(312) 257-9338  
tcmar@earthjustice.org

MYCHAL OZAETA
Earthjustice
707 Wilshire Blvd., Suite 4300
Los Angeles, CA 90017
(213) 766-1069
mozaeta@earthjustice.org

LAUREN PIETTE
Earthjustice
311 S. Wacker Dr., Suite 1400
Chicago, IL 60606
(312) 500-2193
lpiette@earthjustice.org

*Attorneys for Respondent-Intervenors Clean Water Action, Sierra Club, Waterkeeper Alliance, Inc., and Natural Resources Defense Council, Inc.*

JOSHUA SMITH
Sierra Club
2101 Webster Street, Suite 1300
Oakland, CA 94612
(415) 977-5560
joshua.smith@sierraclub.org

*Attorney for Respondent-Intervenor Sierra Club*

ABEL RUSS
Environmental Integrity Project
888 17th St. NW, Suite 810
Washington, DC 20006
(202) 296-8800
aruss@environmentalintegrity.org

*Attorney for Respondent-Intervenors Environmental Integrity Project, PennEnvironment, Inc., and Prairie Rivers Network*

5

NICHOLAS S. TORREY
Southern Environmental Law Center
601 W. Rosemary Street, Suite 220
Chapel Hill, NC 27516
(919) 967-1450
ntorrey@selcnc.org

FRANK S. HOLLEMAN III
Southern Environmental Law Center
525 East Bay Street, Suite 200
Charleston, SC 29403
(843) 720-5270
fholleman@selcsc.org

*Attorneys for Petitioners (Case No. 24-2255) Catawba Riverkeeper and Winyah Rivers Alliance*

6

# CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rules of Appellate Procedure 27 and 32(g)(1), the undersigned counsel for Environmental Intervenors certifies that this response complies with (1) with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 707 words and (2) with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5)–(6) because it has been prepared using Microsoft Office Word for Office 365 and is set in Times New Roman font in size equivalent to 14 points or larger.

*/s Thomas Cmar*
THOMAS CMAR

*Attorney for Respondent-Intervenors Clean Water Action, Sierra Club, Waterkeeper Alliance, Inc., and Natural Resources Defense Council*

# CERTIFICATE OF SERVICE

I certify that on August 27, 2024, this response to Industry and State Petitioners' motion for expansion of word limit for reply in support of stay motion were served on all parties via this Court's CM/ECF system.

/s Thomas Cmar
THOMAS CMAR

*Attorney for Respondent-Intervenors Clean Water Action, Sierra Club, Waterkeeper Alliance, Inc., and Natural Resources Defense Council*