**ORAL ARGUMENT NOT YET SCHEDULED**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT**

| | |
|---|---|
| SOUTHWESTERN ELECTRIC POWER CO. and UTILITY WATER ACT GROUP,<br><br>*Petitioners*,<br><br>v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY and LEE ZELDIN, Administrator of the U.S. Environmental Protection Agency,<br><br>*Respondents*. | Case No. 24-2123 (lead), and consolidated cases |

**MOTION TO HOLD CASES IN ABEYANCE**

Respondents United States Environmental Protection Agency and Administrator Lee Zeldin[1] ("EPA") respectfully move the Court to hold these consolidated cases in abeyance for 60 days to allow new Agency leadership to review the underlying rule. Industry and State Petitioners (Case Nos. Nos. 24-2123, 24-2225, 24-2215, 24-2266, and 24-2494), Petitioner City Water, Light and Power (Case No. 24-3009), and Petitioner Catawba Riverkeeper and Winyah Rivers Alliance (Case No. 24-2255) do not oppose this relief requested in this

---

[1] Administrator Zeldin is substituted for former Acting Administrator James Payne pursuant to Federal Rule of Appellate Procedure 43(c)(2).

motion. Environmental Petitioners (Case Nos. 24-2246 and 24-2407) take no position and reserve the right to file a response.

1. Petitioners seek review of an EPA action titled, "Supplemental Effluent Limitations Guidelines and Standards for Steam Electric Power Generating Point Source Category," 89 Fed. Reg. 40198 (May 9, 2024) ("Rule").

2. Petitioners and Respondents have filed merits briefs in this matter. Intervenors' response briefs are due February 28, petitioners' reply briefs are due March 21, the deferred joint appendix is due March 28, and final briefs are due April 4. History No. 5479208 at 4.

3. With the change in administration on January 20, 2025, there is new EPA leadership. Those new agency officials are currently reviewing the Rule and the issues raised in these consolidated cases. To provide new leadership with sufficient time to familiarize themselves with these issues and determine how to proceed, EPA respectfully requests that the Court place these cases in a 60-day abeyance, with motions govern further proceedings due at the end of that period.

4. This court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Landis v. N. Am. Co.*, 299 US. 248, 254 (1936); *Cottrell v. Duke*, 737 F.3d

1238, 1248 (8th Cir. 2013). An abeyance is prudent "if the public welfare or convenience will thereby be promoted." *Landis*, 299 U.S. at 256.

5.  Abeyance is warranted here because courts have long recognized that agencies may generally review and, if appropriate, revise their past decisions. *See, e.g.*, *Motor Vehicle Mfrs. Ass'n v. State Farm Mutual Auto. Ins. Co.*, 463 U.S. 29, 42 (1983) ("[R]egulatory agencies do not establish rules of conduct to last forever [and] an agency must be given able latitude to adapt their rules and policies to . . . changing circumstances."); *Duncan Energy Co. v. U.S. Forest Service*, 50 F.3d 584, 591 (8th Cir. 1995) (same); *Nat'l Ass'n of Home Builders v. EPA*, 682 F.3d 1032, 1038, 1043 (D.C. Cir. 2012) (explaining that an agency's "reevaluation of which policy would be better in light of the facts" is "well within" its discretion and that a change in administration is a "perfectly reasonable basis for an executive agency's reappraisal of the costs and benefits of its programs and regulations" (internal quotation marks omitted)).

6.  Courts routinely grant stays or abeyance in circumstances like those presented here where a new administration seeks to review prior actions. *See, e.g.*, Order, (History Nos. 53, 52-1),[2] *Appalachian Voices v. EPA*, No. 20-2187 (4th Cir.

---

[2] In this and the following citations, the first History No. refers to the Court's Order and the second History No. refers to EPA's motion for a stay or abeyance.

March 1, 2021) (holding the case in abeyance for 90 days to allow EPA to review the rule under the incoming presidential administration's Executive Order); Order, (History Nos. 513964356, 183), *Sw. Elec. Power Co. v. EPA*, No. 15-60821 (5th Cir. April 24, 2017) (staying case for 120 days while EPA undertook reconsideration of the rule that was subject to challenge); Order, (History Nos. 1883880, 1882301), *Am. Fuel & Petrochem. v. EPA*, No. 19-1124 (D.C. Cir. Feb. 5, 2021) (rescheduling oral argument at EPA's request to accommodate change of administration); Order (History Nos. 1675813, 1670157), *Am. Petroleum Inst. v. EPA*, No. 13-1108 (D.C. Cir. May 18, 2017) (abating challenge to EPA's authority to regulate methane from oil and gas operations following change of administration); Order (History Nos. 1673071, 1668274), *West Virginia v. EPA*, No. 15-1363 (D.C. Cir. Apr. 28, 2017) (abating challenges to Clean Power Plan rule following change of administration).

7. Abeyance would also preserve resources of the parties and the Court. It is possible that after its review, EPA could take further action that may obviate the need for judicial resolution of some or all of the disputed issues. Good cause thus exists for the requested abeyance. *See Huynh v. Garland*, 102 F.4th 943, 946-47 (8th Cir. 2024) (quoting *Limnia, Inc. v. U.S. Dep't of Energy*, 857 F.3d 379, 386-87 (D.C. Cir. 2017) (granting the Board of Immigration Appeal's request for

voluntary remand to "reconsider its decision"); *Anchor Line Ltd. v. Fed. Maritime Comm'n*, 299 F.2d 124, 125 (D.C. Cir. 1962) ("[W]hen an agency seeks to reconsider its action, it should move the court to remand or to hold the case in abeyance pending reconsideration by the agency."); *cf. Ctr. for Biological Diversity v. EPA*, 56 F.4th 55, 71–71 (D.C. Cir. 2022) (courts "routinely stay [their] hand when parties identify developments that are likely to render judicial resolution unnecessary").

8. All parties either do not oppose or take no position on this motion.

9. For these reasons, the Court should place this matter in abeyance for 60 days, with motions to govern due at the end of that period.

Respectfully submitted,

LISA LYNNE RUSSELL
   *Deputy Assistant Attorney General*

*Of Counsel:*
JESSICA H. ZOMER
   Office of the General Counsel
   U.S. Environmental Protection Agency
   Washington, D.C.

 *s/ Lucy E. Brown*
TSUKI HOSHIJIMA
LUCY E. BROWN
   Environmental Defense Section
   Environment and Natural Resources Division
   U.S. Department of Justice
   P.O. Box 7611
   Washington, D.C. 20044
   (202) 598-1868 (Brown)
   lucy.e.brown@usdoj.gov

February 19, 2025

## CERTIFICATE OF COMPLIANCE

This document complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 908 words.

This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

*s/ Lucy E. Brown*

## CERTIFICATE OF SERVICE

On February 19, 2025, I filed the foregoing using the Court's CM/ECF system, which will electronically serve all counsel of record registered to use the CM/ECF system.

*s/ Lucy E. Brown*