# UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

_____

|   |   |   |
|---|---|---|
| SOUTHWESTERN ELECTRIC POWER CO., et al., | ) ) ) ) | |
| Petitioners, | ) ) | |
| v. | ) ) | No. 24-2123 (and consolidated cases) |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al., | ) ) ) ) | |
| Respondents. | ) ) | |

_____

## EPA'S MOTION TO HOLD CASE IN ABEYANCE

EPA respectfully moves for an order holding these consolidated cases in abeyance for thirty more days, with a motion to govern further proceedings due at the end of that period. Although EPA anticipates that its reconsideration process, described below, will take longer than thirty days, EPA has limited its request now to attempt to get broader support from the parties. EPA reserves its right to request further extension of the abeyance.

1.    Petitioners seek review of an EPA rule titled "Supplemental Effluent Limitations Guidelines and Standards for the Steam Electric

Appellate Case: 24-2123    Page: 1    Date Filed: 06/30/2025 Entry ID: 5532456

Power Generating Point Source Category," 89 Fed. Reg. 40198 (May 9, 2024).

2. Petitioners and EPA have filed merits briefs. Next in the briefing schedule would have been Respondent-Intervenors' briefs and Petitioners' reply briefs, but the Court granted EPA's motion to hold the cases in abeyance to allow new EPA leadership to review the challenged rule. Order (Feb. 28, 2025), ECF No. 5491197; Mot. (Feb. 19, 2025), ECF No. 5487086.

3. Upon review, EPA decided that it will reconsider the challenged rule. EPA announced that decision in a news release posted to EPA's website. https://perma.cc/L87V-HL7E. The Court granted EPA's motion to hold the case in abeyance until June 30. Order (May 1, 2025), ECF No. 5512423; Mot. (Apr. 29, 2025), ECF No. 5511561.

4. EPA has now decided to proceed with two rulemakings related to the challenged rule. Decl. of Peggy S. Browne, Ex. 1, ¶¶ 5, 13-14. First, EPA intends to propose to extend the compliance dates and request additional information on the challenged rule's zero-discharge technologies. *Id.* ¶ 13. EPA anticipates that it will issue a proposed rule this summer and issue a final rule by the end of this year. *Id.*

2

5.     In its second anticipated rulemaking, EPA intends to propose revisions to requirements for discharges of unmanaged combustion residual leachate. *Id.* ¶ 14. EPA may also propose to revise the challenged rule's zero discharge limitations and standards. *Id.* EPA intends to initiate this rulemaking after finalizing the first rulemaking. *Id.*

6.     This court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Cottrell v. Duke*, 737 F.3d 1238, 1248 (8th Cir. 2013). An abeyance is prudent "if the public welfare or convenience will thereby be promoted." *Landis*, 299 U.S. at 256.

7.     Courts have long recognized that agencies may generally reassess and, if appropriate, revise their past decisions. *See, e.g., Motor Vehicle Mfrs. Ass'n v. State Farm Mutual Auto. Ins. Co.*, 463 U.S. 29, 42 (1983) ("[R]egulatory agencies do not establish rules of conduct to last forever, [and] an agency must be given ample latitude to adapt their rules and policies to . . . changing circumstances." (citation omitted)); *Nat'l Ass'n of Home Builders v. EPA*, 682 F.3d 1032, 1038, 1043 (D.C.

3

Cir. 2012) (explaining that an agency's "reevaluation of which policy would be better in light of the facts" is "well within" its discretion and that a change in administration is a "perfectly reasonable basis for an executive agency's reappraisal of the costs and benefits of its programs and regulations").

8. Extending the abeyance for thirty days would conserve judicial and party resources. EPA's reconsideration of the rule may obviate the need for judicial resolution of some or all the disputed issues. EPA anticipates that its first proposed rule will be issued this summer and finalized by the end of this year. Ex. 1 ¶ 13. After finalizing that rule, EPA intends to proceed with a second rulemaking. *Id.* ¶ 14. Good cause thus exists for the requested abeyance. *See Anchor Line Ltd. v. Fed. Mar. Comm'n*, 299 F.2d 124, 125 (D.C. Cir. 1962) ("[W]hen an agency seeks to reconsider its action, it should move the court to remand or to hold the case in abeyance pending reconsideration by the agency."); *cf. Ctr. for Biological Diversity v. EPA*, 56 F.4th 55, 71 (D.C. Cir. 2022) (courts "routinely stay [their] hand when parties identify developments that are likely to render judicial resolution unnecessary").

Appellate Case: 24-2123    Page: 4    Date Filed: 06/30/2025 Entry ID: 5532456

9.     Petitioners in Nos. 24-2123 (Southwestern Electric Power Co. et al.), 24-2215 (City Utilities of Springfield), 24-2225 (West Virginia et al.), 24-2266 (NRG Texas Power, LLC et al.), and 24-2494 (America's Power) consent to this motion. Petitioners in No. 24-2246 (Clean Water Action et al.), 24-2255 (Catawba Riverkeeper et al.), and 24-2407 (Center for Biological Diversity) take no position on this motion.

10.     Counsel for Petitioner in No. 24-3009 (City Water, Light and Power) stated that, "while CWLP supports the EPA's proposal to proceed with new rulemakings, it cannot support continued abeyance requests in this case absent a corresponding stay of the rule's PSES deadline for indirect dischargers of FGD wastewater."

11.     For these reasons, EPA respectfully requests that the Court issue an order holding this case in abeyance for thirty more days, with a motion to govern further proceedings due at the end of that period. EPA reserves its right to request further extension of the abeyance as appropriate.

Respectfully submitted,

ADAM R.F. GUSTAFSON
Acting Assistant Attorney General

5

*/s/ Sonya J. Shea*

SONYA J. SHEA
U.S. Department of Justice
Environment and Natural Resources
  Division
Environmental Defense Section
999 18th St., North Terrace, Suite 600
Denver, CO 80233
(303) 844-7231
sonya.shea@usdoj.gov

Appellate Case: 24-2123    Page: 6    Date Filed: 06/30/2025 Entry ID: 5532456

## CERTIFICATE OF COMPLIANCE

This document complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2) because, excluding the parts of the document exempted by Rule 32(f), it contains 845 words. This document complies with the typeface and type-style requirements of Rule 32(a)(5) and (6) because it was prepared in a proportionately spaced typeface using Microsoft Word in Century Schoolbook fourteen-point font.

*/s/ Sonya J. Shea*

## CERTIFICATE OF SERVICE

On June 30, 2025, I filed the foregoing using the Court's CM/ECF system, which will electronically serve all counsel of record registered to use the CM/ECF system.

*/s/ Sonya J. Shea*